UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Stanley D. Saunders, :
 :
      Plaintiff, :
v. : Civil Action No. 13-1514 (CKK)
 :
Patrick R. Donahoe, :
 :
      Defendant. :

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, sues the United States Postal Service for the alleged manner in which he was fired in November 2009. Defendant Postmaster General Patrick R. Donohoe has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56. *See* Def.'s Mot. to Dismiss or for Summ. J. [Dkt. # 9]. Plaintiff has opposed the motion [Dkt. # 11] and defendant has replied [Dkt. # 15]. Since the record shows that plaintiff's due process rights were not violated, as he contends is the sole issue, the Court will grant defendant's motion for summary judgment and enter judgment accordingly.

**I. BACKGROUND**

Defendant's documented facts are undisputed. While on duty as a Letter Carrier and driving a Postal Service vehicle, plaintiff was involved in an accident on August 26, 2009. Def.'s Statement of Material Facts Not in Dispute ("Def.'s Facts") [Dkt. 9-1] ¶ 1. Since plaintiff had hit the vehicle in front of him, he was cited for driving too close and was arrested for driving without a valid driver's license. *Id*. ¶¶ 2-3. An internal investigation of plaintiff's driving history based on records obtained from the District of Columbia Motor Vehicle Administration revealed that plaintiff had not "maintained a valid driver's license since October 31, 2008," and

1

that his driver's license had been suspended on seven prior occasions between July 1987 and March 2001 while he was employed with the Postal Service. *Id*., Attach. A.

The documents attached to the Complaint show the following. The Postal Service issued a Notice of Removal dated September 30, 2009, which informed plaintiff that he would be removed from the Postal Service on November 3, 2009. Not. of Removal [Dkt. # 1-1, ECF p. 74]. The Notice listed the removal charge as "Improper Conduct/Failure to Maintain Driver's License and to Give Immediate Notice of Suspension of License." *Id*. at 1. The Notice referred to the August 26, 2009 accident and to plaintiff's version of the accident that he had conveyed during a "Pre-Disciplinary Interview . . . conducted on August 28, 2009, in the presence of [an] NALC Steward . . . ." *Id*. Plaintiff's actions were "considered violations of [certain specified] provisions of the Employee and Labor Relations Manual (ELM) and Handbook," *id*. at 2, including the Letter Carrier's responsibility to "Advise your immediate manager of suspension or revocation of your state license." *Id*. at 3.

Presumably plaintiff was a member of the National Association of Letter Carriers ("NALC"). The Removal Notice informed plaintiff that he had a "right to file a grievance under the Grievance/Arbitration Procedure set forth in Article 15 of the National Agreement within fourteen (14) days," and that his filing of a grievance would defer the removal "until a decision is made on the grievance, if one is filed, at the Step B level of the NALC-USPS Joint Dispute Resolution Process, or 14 calendar days after the appeal is received at step B, whichever comes first." *Id*. In addition, the Notice informed plaintiff that "[i]f this action is reversed or modified on appeal[,] back pay may be allowed unless the appropriate award or decision specifies otherwise, only if you have made reasonable efforts to obtain alternate employment during the

potential back pay period," and it listed the steps plaintiff was required to take and the documentation he would need to obtain any relief as a prevailing party. *Id*.

Plaintiff pursued a grievance, which was denied by an arbitrator on April 1, 2010, following a hearing at which plaintiff testified. *See* Arb.'s Dec. [Dkt. # 1-3, ECF pp. 17- 33]. Plaintiff also filed a claim with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that his removal was due to his race, color, physical disability, and prior EEO activity. *See* Acceptance of Complaint [Dkt. # 1-2, ECF pp. 42-44]. The EEOC issued an adverse decision and right-to-sue notice on June 14, 2013, *see* Decision [Dkt. # 1-1, ECF pp. 1-5], and plaintiff filed this action in October 2013.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and [that he] . . . is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The mere existence of some factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a "material" fact. *Id*. Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

In order to establish that a fact is or cannot be genuinely disputed, a party must (a) cite to specific parts of the record -- including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence -- in support of his position, or (b) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1). Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute sufficient to survive summary judgment.

3

*Ass'n of Flight Attendants–CWA, AFL–CIO v. U.S. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009). Moreover, where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the district court may, *inter alia*, "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with all justifiable inferences drawn in his favor. *Anderson*, 477 U.S. at 255. If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate. *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009) (citing *Kuo–Yun Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994)). In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to [the trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); "[i]f the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III. DISCUSSION

Although plaintiff does not state in the complaint that he is proceeding under any federal law, defendant made a reasonable "assumption" that the complaint was brought under two federal anti-discrimination laws, namely, Title VII and the Rehabilitation Act. Def.'s Reply at 2. But plaintiff has clarified in his opposition that "the basis for his appeal deals with the fact that his Constitutional Rights pertaining to the fact that he was denied his Rights of Due Process

during the EEO and Grievance procedures." Pl.'s Response to Def.'s Mot. to Dismiss or for Summ. J. ("Pl.'s Opp'n") at 1. He states that "[a]ccording to the law, I think it states that the accused has the right to be apprised of the charges against him/her and be afforded the opportunity to make a statement pertaining to said charges [and] that the accused has to be informed of his/her rights of appeal. The Plaintiff contents [sic] that none of this was done." *Id*. at 2. Hence, the Court considers this action to be based solely on the due process clause.

The Fifth Amendment's due process clause provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." It has long been established that "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). The gist of plaintiff's claim is twofold. First, plaintiff states that contrary to what was stated in the removal notice, he was removed while "his case was under review in arbitration." Pl.'s Opp'n at 1. Second, plaintiff states that he "was not informed as to his rights of appeal." *Id*.

Plaintiff's first assertion suggests a substantive due process claim. "[T]he Due Process Clause specially protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Abigail Alliance for Better Access to Developmental Drugs v. von Eschenbach*, 495 F.3d 695, 702 (D.C. Cir. 2007) (*en banc*) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997)). But substantive due process "is rare and relatively uncharted terrain," *Valdivieso Ortiz v. Burgos*, 807 F.2d 6, 10 (1st Cir. 1986), and a substantive due process claim requires "a careful description of the asserted fundamental liberty interest." *Abigail Alliance for Better Access to Developmental Drugs*, 495

F.3d at 702. "[C]ourts have consistently held that 'there is no fundamental right to government employment.' " *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 71 (D.D.C. 2007) (quoting *United Bldg. & Constr. Trades Council v. Mayor & Council of City of Camden*, 465 U.S. 208, 219 (1984) (citing *Am. Federation of Gov't Employees, AFL–CIO v. United States*, 330 F.3d 513, 523 (D.C. Cir. 2003) ("Neither the Supreme Court nor this court has ever recognized an interest in public employment as fundamental."). Furthermore, plaintiff has pointed to nothing in the record to suggest that defendant has engaged in "the type of [egregious or outrageous] conduct that shocks the conscience, which is required to state a claim for a substantive due process violation." *McManus*, 530 F. Supp. 2d at 72. Hence, to the extent that plaintiff is claiming that he had a constitutional entitlement to remain on the job until the grievance proceedings were concluded, he has pointed to nothing in the record to substantiate this claim and the case law does not support it.

Plaintiff's second assertion raises the typical procedural due process claim where the only question is whether plaintiff was accorded adequate notice of the proposed deprivation and the opportunity to be heard in a meaningful manner. The advisements provided in the removal notice contradict plaintiff's contention that he was not informed about his appeal rights, *see* Not. of Removal at 3, and the record shows that plaintiff took full advantage of his appeal rights. In sum, plaintiff received the process due him via (1) a pre-disciplinary interview conducted two days after the accident with his union representative present, (2) the removal notice setting forth the offending conduct, (3) the grievance proceedings that included a hearing, and (4) the EEO proceedings. At each step plaintiff was able to contest the basis of his removal and to present his version of the underlying events. *See generally* Not. of Removal; Arb.'s Dec.; EEOC Dec.; *cf. Payne v. District of Columbia*, 741 F. Supp. 2d 196, 221-22 (D.D.C. 2010) (concluding "that the

record clearly shows" that plaintiff "was afforded due process" where "he filed a grievance under the collective bargaining agreement, which provided him with a hearing before an arbitrator . . . [and] appealed his [earlier] removal and presented evidence to [a] Hearing Officer . . . "). Even if plaintiff were removed before the conclusion of the grievance proceedings, this fact alone would not constitute a due process violation because, as indicated in the removal notice at page three, plaintiff had "a meaningful postdeprivation remedy" available "to satisfy the requirements of procedural due process." *Sloan v. Dep't of Hous. & Urban Dev.*, 231 F.3d 10, 19 (D.C. Cir. 2000) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)) (other citations and internal quotation marks omitted). Hence, no reasonable trier of fact could find for plaintiff on his due process claim.

## CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff has not stated a substantive due process claim and the record otherwise shows that the job removal proceedings comported with due process. Consequently, defendant is entitled to judgment as a matter of law. A separate order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: July 21, 2014